IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARTIUS LYRONE MONTGOMERY, | § | |
| TDCJ No. 02165062, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil No. SA-21-CA-0109-DAE |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT**

Petitioner Cartius Lyrone Montgomery, a Texas state prisoner, challenges his guilty plea to delivery of a controlled substance, to wit, methamphetamine, in the amount of one gram or more but less than four grams; possession of a controlled substance, to wit, heroin, in the amount of less than one gram; possession of a controlled substance with intent to deliver, to wit, buprenorphine, in the amount of less than twenty-eight grams; and tampering with evidence through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (West 2020). The Court should dismiss the petition in its entirety with prejudice as wholly unexhausted.

1

## JURISDICTION

Montgomery seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties, as the State court which convicted and sentenced him is in Kerr County, Texas, which is within this Court's jurisdiction. 28 U.S.C. § 124(d)(4) (West 2020).

## PETITIONER'S ALLEGATIONS

Respondent Bobby Lumpkin (Director) understands Montgomery to raise three claims through the following grounds for relief:

1. Trial counsel was ineffective when he failed to investigate, failed to forward advance or even produce a pretrial hearing motion, brady material, affirmative links, quantitative weight analysis, speedy trial, P.R. bond, confidential informant and misleading info;
2. Petitioner's Eight Amendment rights were violated when the contraband was never tested, which would have amounted to a state jail felony; and
3. Petitioner's Fifth Amendment rights were violated when Officer Purvis took Petitioners wallet and cash.

Fed. Pet.[1] at 6–7. Montgomery's third claim was dismissed under the *Parratt/ Hudson* doctrine. *See* Order Adopting Report and Recommendations, ECF No. 3; *Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981).

---

[1] "Fed. Pet" refers to Montgomery's form petition, ECF No. 1, followed by the page number assigned by ECF.

## STATEMENT OF THE CASE

The Director has lawful custody of Montgomery pursuant to two judgments and sentences entered by a Texas state court on October 18, 2017. SHCR-01[2], ECF No. 9-3, at 12–14 (Judgment); Exhibit A at 7–9 (Judgment). In cause number A17113, Montgomery pleaded guilty to delivery of a controlled substance, to wit, methamphetamine, in the amount of one gram or more but less than four grams, in the 216th Judicial District Court of Kerr County, Texas. SHCR-01 at 12–14. He was sentenced to ten years confinement for this offense, to run concurrently. *Id.* In cause number A17116, Montgomery pleaded guilty to tampering with evidence, in the 216th Judicial District Court of Kerr County, Texas. Exhibit A at 7–9. He was sentenced to six years confinement for this offense, to run concurrently. *Id.*

Montgomery also pleaded guilty to possession of a controlled substance, to wit, heroin, in the amount of less than one gram, in cause number A17114, in the 216th Judicial District Court of Kerr County, Texas. Exhibit A at 1–3. He was sentenced to two years confinement for this offense, to run concurrently. *Id.* This sentence discharged on July 17, 2019. *Id.* Montgomery also pleaded guilty to possession of a controlled substance with intent to

---

[2] "SHCR" refers to the State Habeas Clerk's Record for Montgomery's state writ application number WR-88,092-01, ECF No. 9 followed by the relevant page numbers assigned by the ECF system.

deliver, to wit, buprenorphine, in the amount of less than twenty-eight grams, in cause number A17115, in the 216th Judicial District Court of Kerr County, Texas. Exhibit A at 4–6. He was sentenced to two years confinement for this offense, to run concurrently. *Id*. This sentence discharged on July 17, 2019. *Id*.

Montgomery did not appeal his case. *See generally* State Court Records, ECF No. 9. (What Montgomery refers to as his appeal on his form petition is actually his state habeas application. *See* Fed. Pet. at 3, SHCR-01 at Action Taken.)

Montgomery filed a state habeas application challenging this conviction on December 13, 2017,[3] and raised the claim that the informant used in his case was not very credible, that the video footage would show that he did not tamper with evidence and that $200 was missing that he earned at Church's Chicken and that six years in TDCJ was excessive punishment, that $200 was taken from his wallet and that he told his attorney about the missing money and his attorney did nothing about it, and that the heroine was not found within his reach, the quantitative weight was not determined, he told this to his attorney who did nothing, and there was no chain of custody. SHCR-01,

---

[3] The Fifth Circuit held that the prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Director reserves the right to argue a later filing date than the date petitioner signed his state habeas application.

ECF No. 9-3, at 21–27, 32 (State Habeas Application). The Court of Criminal Appeals (CCA) denied Montgomery's application without written order, on April 11, 2018. *Ex Parte Montgomery*, No. WR-88,092-01 (Tex. Crim. App. 2018).

Montgomery filed this federal habeas corpus petition on or about May 14, 2018[4] in *Montgomery v. Davis*, No. 7:18-mc-988 (S.D. Tex. 2018). 2254, ECF No. 1-1. On November 9, 2020, *Montgomery v. Davis* was closed and *Montgomery v. Lumpkin* was opened. *Montgomery v. Lumpkin,* No. 7:20-cv-374 (S.D. Tex. 2020). On February 4, 2021, the court ordered the case to be transferred to the Western District of Texas, San Antonio Division. Order Adopting Report and Recommendations, ECF No. 3. Fed. Pet. at 10. This proceeding ensued.

## STATE COURT RECORDS

Records of Montgomery's state habeas proceedings have been filed with the Court electronically. ECF No. 9. A copy of the state-court records will not be forwarded to Montgomery. An indigent inmate is not entitled to receive a free copy of his trial records for habeas corpus purposes. *See United States v. MacCollom*, 426 U.S. 317, 319 (1976); *Sixta v. Thaler*, 615 F.3d 569, 572 (5th

---

[4] A federal petition is considered filed on the date it was delivered to prison authorities for mailing. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009), citing *Spotville v. Cain*, 149 F.3d 374, 376—78 (5th Cir. 1998).

Cir. 2010); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). Exhibit A are copies

of the judgments of conviction for case numbers A17114, A17115, and A17116.

This will be sent to the petitioner along with this answer.

## GENERAL DENIAL

The Director denies all of Montgomery's assertions of fact, except those

supported by the record or those specifically admitted herein. In addition, the

Director opposes any future, substantive motions filed by Jones and will

respond to any such motions only upon order of the Court.

## RULE 5 STATEMENT

The Director asserts that Montgomery has not exhausted his state court

remedies for his claims. 28 U.S.C. § 2254(b) (West 2020). However, the Director

believes that Montgomery's claims are not subject to the successive petition

bar. 28 U.S.C. § 2244(b) (West 2020). The also Director believes that

Montgomery's claims are not barred by the AEDPA statute of limitations. 28

U.S.C. § 2244(d) (West 2020). The Director reserves the right to raise

exhaustion/procedural default, should Montgomery or the Court interpret his

claims differently than understood by the Director.

## ANSWER WITH BRIEF IN SUPPORT

I. **Montgomery Has Failed to Exhaust State Court Remedies for All of the Grounds Raised Here.**

Montgomery failed to present the grounds that he raises here in a

procedurally correct manner in a state habeas application or in a PDR. Fed.

Pet. at 6–7; SHCR-01 at 16, 21–27. These claims should be dismissed with

prejudice because they are unexhausted and procedurally barred.

Before filing his federal writ petition, Montgomery was required to

present the same legal claims and factual allegations to the Texas courts, and

thereby exhaust available state court remedies. See 28 U.S.C. § 2254(b)(1)(A).[5]

A petitioner must first provide the highest state court a fair opportunity to

apply the controlling federal constitutional principles to those same legal

claims and factual allegations and, if necessary, correct alleged deprivations of

federal constitutional rights before a federal court will entertain the alleged

errors. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S.

346, 348 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Martinez v. Johnson*,

255 F.3d 229, 238 (5th Cir. 2001) ("The law is well established that a state

prisoner seeking to raise claims in a federal petition for habeas corpus

ordinarily must first present those claims to the state court and must exhaust

state remedies."). In order to satisfy the exhaustion requirement of 28 U.S.C.

§ 2254(b), (c), a Texas prisoner must fairly, and properly, present his claims to

---

[5] A petition for federal writ of habeas corpus will not be granted unless an applicant has exhausted state court remedies or there is either (i) an absence of state court remedies or (ii) those remedies are insufficient to protect the applicant's rights. 28 U.S.C. § 2254 (b)(1)(A) & (B) (West 2020).

the Court of Criminal Appeals in either a PDR or in an application for a state writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (citing *Richardson v. Procunier*, 762 F.2d 429, 431-432 (5th Cir. 1985). The petitioner must also have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. In other words, a habeas applicant must give the state courts a fair opportunity to review his claims, that is, in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Id*. Also, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001).

Here, Montgomery did not file a PDR. *See generally* State Court Records, ECF No. 9. Montgomery did file a state habeas application that pertained to case number A17113 only. See SHCR-01 at 16. Thus, the grounds raised here as they pertain to case numbers A17114, A17115, and A17116 are wholly unexhausted and must be dismissed. Furthermore, even liberally construed, the grounds raised in Montgomery's state habeas application are at best only somewhat similar to the grounds raised in his federal habeas petition. *Compare* SHCR-01 at 21–27, with Fed. Pet. at 6–7. Thus, the grounds raised here as they pertain to case number A17113 are unexhausted as well. *See Wilder*, 274 F.3d at 259–60.

8

However, notwithstanding Montgomery's failure to exhaust his state court remedies, the unexhausted claims pertaining to case number A17113 are procedurally barred from federal habeas corpus review. Even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id.* In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (same).

Montgomery has failed to exhaust his grounds as they pertain to case number A17113. If Montgomery were to try to present these claims to the CCA in another subsequent state habeas application, it would be procedurally barred under the Texas abuse-of-the-writ doctrine, codified at Texas Code of Criminal Procedure Article 11.07 Section 4. *See Fearance v. Scott*, 56 F.3d 633,

642 (5th Cir. 1995) ("[T]he highest court of the State of Texas announced that it would as a 'rule' dismiss as abuse of the writ 'an applicant for a subsequent writ of habeas corpus rais[ing] issues that existed at the time of his first writ.'") (quoting *Ex Parte Barber*, 879 S.W.2d 889, 892 n.1 (Tex. Crim. App. 1994)).

For this Court to reach the merits of his unexhausted claims, Montgomery "must establish 'cause' and 'prejudice' from [the court's] failure to consider his claim." *Fearance*, 56 F.3d at 642 (citing *Coleman*, 501 U.S. at 750–51). Montgomery does not even attempt to explain a reason for his unexhausted grounds, instead he left question twenty-three blank. Fed. Pet. at 8. He provides no explanation as to why he never raised grounds that he raises here in his first state habeas application. He has not shown that he is actually innocent. He has not presented any new evidence that was not available at the time of trial as required for a tenable actual innocence claim to overcome a procedural bar. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006).

Montgomery fails to show, and the record does not indicate, that his failure to exhaust these claims in relation to case numbers A17114, A17115, and A17116 is due to the "absence of available State corrective process," nor to circumstances rendering this process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Montgomery does not claim that he was

10

prevented from filing the correct state habeas form petition and pursuing state habeas review and the fact that he did file a state habeas application regarding case number A17113 shows that this is not the case. Fed. Pet. at 8. Further, he is not being denied state habeas review, but rather is required to follow the applicable state procedural rules for such review. Montgomery can still file a state habeas application to exhaust his claims for case numbers A17114, A17115, and A17116.

Accordingly, this Court should find that Montgomery's unexhausted claims pertaining to case number A17113 are barred under the federal procedural default doctrine. This court should also find that the claims as they relate to case numbers A17114, A17115, and A17116 are also unexhausted. Hence, relief should be denied and Montgomery's claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this petition for writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. Alternatively, the Court should dismiss the petition in its entirety as unexhausted and procedurally barred or defaulted. The Director further respectfully requests that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General for
Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Patrick D. Todd
PATRICK D. TODD*
Assistant Attorney General
State Bar No. 24106513
P. O. Box 12548,
Austin, Texas 78711-2548
(512) 936-1400
Facsimile No. (512) 936-1280
ATTORNEYS FOR RESPONDENT

*Lead Counsel

12

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing

pleading is being served by placing the same in the United States Mail, postage

prepaid, on the 7th day of April, 2021, addressed to:

Cartius Lyrone Montgomery
TDCJ # 02165062
Eastham Unit
2665 Prison Road #1
Lovelady, TX 75851

/s/ Patrick D. Todd
PATRICK D. TODD
Assistant Attorney General