UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARTIUS LYRONE MONTGOMERY, §<br>TDCJ No. 02165062, §<br>    §<br>        Petitioner, §<br>    §<br>v. §<br>    §<br>BOBBY LUMPKIN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>    §<br>        Respondent. § | CIVIL NO. SA-21-CA-0109-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Cartius Lyrone Montgomery's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 11) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In October 2017, Petitioner plead guilty in Kerr County, Texas, to one count of delivery of a controlled substance (methamphetamine) and was sentenced to ten years of imprisonment. *State v. Montgomery*, No. A17113 (216th Dist. Ct., Kerr Cnty., Tex. Oct. 18, 2017); (ECF No. 9-3 at 5-13). Petitioner also plead guilty to one count of tampering with evidence and two counts of possession of a controlled substance was sentenced to six years of imprisonment for the tampering count and two years of imprisonment for each of the possession counts, with all of the

sentences to run concurrently. *State v. Montgomery*, Nos. A17114, A17115, and A17116 (216th Dist. Ct., Kerr Cnty., Tex. Oct. 18, 2017); (ECF No. 10-1 at 2-10).

Because he waived the right to appeal as part of the plea bargain agreement, Petitioner did not directly appeal his convictions and sentences. Instead, Petitioner challenged the constitutionality of his conviction and sentence in cause number A17113 by filing a *pro se* application for state habeas corpus relief on December 13, 2017. *Ex parte Montgomery*, No. 88,092-01 (Tex. Crim. App.); (ECF No. 9-3 at 16-33). The Texas Court of Criminal Appeals denied the application without written order on April 11, 2018. (ECF No. 9-1).

A month later, Petitioner placed the instant federal habeas petition in the prison mail system. (ECF No. 1 at 10). The petition was then transferred to this Court from the Southern District of Texas on February 4, 2021. (ECF No. 3). In the petition, Petitioner appears to challenge the constitutionality of all four of his state court convictions, arguing: (1) his trial counsel rendered ineffective assistance by failing to investigate, produce a pretrial hearing motion, or request *Brady* material, affirmative links, quantitative weight analysis, a speedy trial, a P.R. bond, or information on a confidential informant, and (2) his Eighth Amendment rights were violated because the contraband was never tested, which would have amounted only to a state jail felony as opposed to a second degree felony.[1]

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was

---

[1] Petitioner also raised a Fifth Amendment claim alleging that a prison official stole his money and property. However, this claim was dismissed with prejudice when the petition was transferred to this Court. (ECF No. 3).

2

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## III. Analysis

A. **Exhaustion**

Under 28 U.S.C. § 2254(b)(1)(A), habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Under this exhaustion doctrine, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights, before seeking federal habeas corpus relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) ("Absent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief."). To exhaust state remedies, a Texas prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure 11.07. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In the instant case, Petitioner appears to challenge the constitutionality of all four of his state court convictions in cause numbers A17113, A17114, A17115, and A17116. However, Petitioner has not yet challenged the convictions in cause numbers A17114, A17115, and A17116 by filing either a petition for discretionary review or an application for state postconviction relief with the Texas Court of Criminal Appeals. Instead, Petitioner challenged only his conviction in cause number A17113 in the state habeas application he filed in December 2017. *See Ex parte Montgomery*, No. 88,092-01 (Tex. Crim. App.); (ECF No. 9-3 at 16-33). Petitioner thus has not presented any claims concerning his convictions in cause numbers A17114, A17115, and A17116 in a procedurally proper manner to the state's highest court as required by the exhaustion doctrine. He also has made no attempt to show any exception to the

4

exhaustion requirement applies. *See Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999) (noting futility and/or lack of an available remedy in state court as recognized exceptions to the exhaustion doctrine).

For this reason, to the extent Petitioner now challenges his state court convictions in cause numbers A17114, A17115, and A17116, his federal petition will be dismissed without prejudice for failure to exhaust state court remedies. To the extent Petitioner challenges his state court conviction in cause number A17113, Petitioner's allegations will be addressed below.

B.  **Petitioner's Ineffective Assistance Claims** (Claim 1).

In his first allegation concerning his state conviction and sentence in cause number A17113, Petitioner contends his trial counsel was ineffective for failing to investigate or file a pretrial hearing motion. (ECF No. 1 at 6). He also faults counsel for failing to request *Brady* material, affirmative links, a quantitative weight analysis, a speedy trial, a P.R. bond, or information on a confidential informant. *Id.*

Respondent contends these allegations are unexhausted and procedurally barred from federal habeas corpus relief because Petitioner never raised them in state court.[2] Respondent is correct—the record in this case confirms that Petitioner did not present these allegations to the Texas Court of Criminal Appeals in his state habeas corpus application or in a petition for discretionary review. Because the allegations are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b) and procedurally barred from federal habeas review.

---

[2] Respondent also argues that Petitioner's second claim—alleging that his sentence was excessive because the weight of the contraband was never tested—is unexhausted and procedurally barred. However, this allegation was arguably raised within Petitioner's first claim for relief in his state habeas corpus application. *See* ECF No. 9-3 at 21. Thus, the procedural default doctrine does not apply.

5

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin*, 541 U.S. at 29-32; *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista*, 793 F.2d at 110.

As the record demonstrates, Petitioner failed to exhaust state court remedies with regard to the instant allegations. Should this Court now require Petitioner to return to state court to satisfy the exhaustion requirement, however, the Texas Court of Criminal Appeals would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure since Petitioner already challenged this conviction in a state habeas petition. Because Texas would likely bar another habeas corpus application by Petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004)

6

(holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas relief on these claims unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). Petitioner does not argue that cause and prejudice should excuse the default in his federal petition, nor does he attempt to demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of Petitioner's first claim as procedurally defaulted.

C. **Excessive Punishment** (Claim 2).

Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense for which he was indicted, acknowledged the potential range of punishment, and waived his right to a jury trial. Nevertheless, Petitioner argues that his sentence was unconstitutional because the weight of the contraband was never subjected to a quantitative weight analysis.[3] Because the record demonstrates that Petitioner voluntarily plead guilty to the conviction he is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceeding. Further, this allegation was rejected by the state court during Petitioner's state habeas proceedings. Federal habeas relief is therefore unavailable

---

[3] Petitioner also appears to fault counsel for failing to have the contraband tested in his first claim for relief. (ECF No. 1 at 6). But as discussed previously, this claim is unexhausted and procedurally barred from federal habeas relief. To the extent the claim was raised in state court, federal relief is unwarranted for the same reasons as Petitioner's second claim for relief.

because Petitioner has not shown that the state court's merits adjudication was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Richter*, 562 U.S. at 101.

1. Petitioner's Claim is Conclusory

Initially, the Court notes that Petitioner's allegation comes in the form of a short, declarative statement without any supporting argument or evidence. Petitioner cites to no legal authority or case law in support of the claim. Thus, he has waived this argument for failure to brief it adequately. *See Trevino v. Johnson*, 168 F.3d 173, 161 n. 3 (5th Cir. 1999).

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same). Petitioner's barebones allegation, unsupported by any argument or evidence from the record, is insufficient. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted).

2. Petitioner's Plea Was Voluntary

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true

8

nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's plea was a voluntary and intelligent choice and was not a result of any misrepresentation or coercion. Petitioner signed a document entitled "DEFENDANT'S PLEA OF GUILTY, WAIVERS, STIPULATIONS OF EVIDENCE AND ADMONISHMENTS" wherein Petitioner judicially confessed to committing the charged offense and acknowledged the punishment range for the second-degree offense (two to twenty years of imprisonment). (ECF No. 9-3 at 5-11). The agreement also indicates Petitioner was represented by counsel, understood the nature of the rights he was waiving by pleading guilty, and entered the plea freely and voluntarily. *Id.* Counsel for Petitioner also signed the agreement, stating that he discussed with Petitioner the rights he was waiving and indicating his belief that Petitioner "is aware of the consequences of the plea entered herein." *Id.* at 10. The trial judge then gave his approval of the agreement, concluding:

> It appearing to the Court that [Petitioner] is represented by competent counsel and that said [Petitioner] understands the nature of the charge and has been by the Court admonished and warned of the consequences of a plea of guilty or nolo contendere including the minimum and maximum punishments provided by law, that the Attorney for [Petitioner] and the State each consent and approve the waivers and agree to stipulate the testimony in this case, the Court, therefore, finds such plea of guilty or nolo contendere, waivers and consent to be voluntarily made and accepts the plea of guilty or nolo contendere and approves the waivers herein and the consent to stipulate evidence.

*Id.* at 10.

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of the plea and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Petitioner's formal declarations in open court also carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of his guilty plea. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

3. <u>Petitioner's Claim Was Waived by His Voluntary Guilty Plea</u>

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, includes ineffective-assistance claims unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Here, Petitioner claims that his sentence was unconstitutional because the weight of the contraband was never subjected to a quantitative weight analysis. But Petitioner fails to provide any argument in support of his allegation, much less demonstrate how the allegation relates to

the voluntariness of his guilty plea. Accordingly, Petitioner's claim is waived by his knowing, voluntary, and intelligent guilty plea. Moreover, Petitioner fails to demonstrate that the state court's rejection of his allegation during his state habeas proceedings was either contrary to, or an unreasonable application of, clearly established federal law. For these reasons, federal habeas relief is denied.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that

the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

After careful consideration, the Court concludes that, to the extent Petitioner challenges his state court convictions in cause numbers A17114, A17115, and A17116, dismissal of his federal petition without prejudice is warranted so that Petitioner may properly pursue his state court remedies. To the extent Petitioner challenges his conviction in cause number A17113, the Court concludes that the allegations raised in Claim 1 are unexhausted and procedurally barred from federal habeas review, while the state court's rejection of Petitioner's Claim 2 during his state habeas corpus proceeding was neither (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. To the extent Petitioner Cartius Lyrone Montgomery's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenges his state court convictions in cause numbers A17114, A17115, and A17116, the § 2254 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

2.   To the extent Petitioner challenges his state court conviction in cause number A17113, federal habeas corpus relief is **DENIED** and Petitioner's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

3.   No Certificate of Appealability shall issue in this case; and

4.   All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___13___ day of September, 2021.

_____
DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE